**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **RICHARD E. JACOBS, etc.,**           ) | **CASE NO.  1:07CV1043** |
|                                                              ) | |
| **Plaintiff,**           ) | **JUDGE CHRISTOPHER A. BOYKO** |
|                                                              ) | |
| vs.                                                      ) | <u>**OPINION AND ORDER**</u> |
|                                                              ) | |
| **DAVID H. JACOBS, JR., et al.,**        ) | |
|                                                              ) | |
| **Defendants.**           ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Report and Recommendation (ECF DKT #25) of the Magistrate Judge, recommending the Motion (ECF DKT #15) of Plaintiff, Richard E. Jacobs ("Trustee"), to Dismiss be granted in part and denied in part.  For the reasons that follow, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation.

<u>**I. BACKGROUND**</u>

Plaintiff Trustee filed the above-captioned action for declaratory relief in his capacity as trustee of trusts created by his brother, David H. Jacobs, Sr.  The trusts were established under two instruments: The David H. Jacobs Declaration of Trust and The Irrevocable Trust Agreement.

On November 9, 2004, David H. Jacobs, Jr., a beneficiary and the Trustee's nephew, filed a Complaint (Case No. 1:04CV2235) in the United States District Court for the Northern District of Ohio, seeking removal of the Trustee, monetary damages, and a declaration the Trustee was not entitled to any fees relating to his services as trustee. On March 2, 2006, all the Beneficiaries filed a Second Amended Complaint, making multiple requests for relief, but not seeking relief on the issue of the Trustee's entitlement to fees. On September 7, 2006, the parties entered into a Settlement Agreement, containing mutual releases; and the Beneficiaries dismissed their case with prejudice.

Several months after the Settlement Agreement was executed and the case dismissed, the Trustee allegedly sent a letter to the Beneficiaries requesting compensation for his services over a span of fifteen years. Allegedly, the Beneficiaries responded in writing, asserting the Trustee is not entitled to fees for past services, but agreeing to consider a compensation plan for present and future trustee services. Believing the parties were at an impasse, the Trustee filed the above-captioned Complaint on April 10, 2007. The Complaint seeks (1) a declaration that the Trustee is entitled to receive compensation for his services; and (2) a declaration as to the amount of compensation and as to the manner of payment.

In their Answer, the Beneficiaries assert sixteen affirmative defenses, including waiver, laches, and equitable estoppel, and six counterclaims: (I) Breach of Fiduciary Duty; (II) Fraudulent Concealment; (III) Fraudulent Inducement; (IV) Request for Declaratory Judgment Trustee Has Waived His Right to Fees Under the Trusts; (V) Request for Declaratory Judgment Trustee Is Not Entitled to Fees Under the Trusts Pursuant to the Doctrine of Laches; and (VI) Request for Declaratory Judgment Trustee is Equitably Estopped From Claiming Fees Under the

Trusts.

On July 6, 2007, the Trustee filed a Motion to Dismiss the Counterclaims for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The Trustee contends the Counterclaims should be dismissed as a matter of law and/or are barred by the terms of the Settlement Agreement. Further, the Trustee asserts the Counterclaims seeking declarations regarding waiver, estoppel, and laches should be dismissed as duplicative of the affirmative defenses.

After consideration of the parties' briefs and the applicable law, the Magistrate Judge issued her Report and Recommendation on December 6, 2007. She recommended the Trustee's Motion to Dismiss be granted as to the claims for fraudulent concealment and fraudulent inducement, as they are barred under Ohio release law. However, she recommended the Motion to Dismiss be denied as to the breach of fiduciary duty claim and the declaratory judgment requests on waiver, laches, and estoppel.

The Trustee filed timely Objections (ECF DKT #26) on December 20, 2007, arguing the Beneficiaries' breach of fiduciary duty claim and equitable estoppel claim are barred because the Beneficiaries did not seek rescission; the Beneficiaries ratified the release; the Beneficiaries cannot avoid a release which was negotiated at arm's length with advice of counsel; and the language of the release includes those claims within its scope. In addition, the Trustee objected to the Rule 12(b)(6) standard applied by the Magistrate Judge.

## II. LAW AND ANALYSIS

**Standard of Review**

A District Judge shall make a *de novo* determination of those portions of the Magistrate's Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1). A District Judge may accept, reject, or modify, in whole or in part, the recommendations made by the Magistrate Judge. *Id*. "Any party that desires plenary consideration by the Article III judge . . . need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

**Motion to Dismiss**

"The Supreme Court recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, —U.S. — 127 S.Ct. 1955 (2007). It explained that the factual allegations must 'raise a right to relief above the speculative level.'" *CGH Transport Inc. v. Quebecor, World, Inc.*, No. 06-6399, slip copy 2008 WL 116385, at *2, (6th Cir. Jan. 8, 2008) (citing *Twombly* at 1965). The *Twombly* decision does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F. 3d 471, 476 (6th Cir. 2007) (citation omitted). Courts are generally limited to reviewing the complaint and any exhibits attached. See *Amini v. Oberlin Coll.*, 259 F. 3d 493, 502 (6th Cir. 2001).

Plaintiff Trustee properly objects to the Magistrate Judge's use of the Rule 12(b)(6) standard defined in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which has recently been disavowed by the *Twombly* Court. Nevertheless, upon application of the appropriate motion to dismiss standard, Defendant Beneficiaries' Counterclaims for breach of fiduciary duty, equitable

estoppel, and declaratory judgment do state claims which are "plausible" on their face, and therefore, survive dismissal.

With regard to the breach of fiduciary duty claim, the Magistrate Judge found the alleged breach and injury "arose out of the negotiation and execution of the Settlement Agreement itself" and were "claims of which the releasor was unaware, particularly if the releasee concealed them from him." *Forry, Inc. v. Neundorfer Inc.*, 837 F. 2d 259, 263 (6th Cir. 1988) (citing *Parker v. Dekalb Chrysler Plymouth*, 673 F. 2d 1178, 1182 (11th Cir. 1982)). Consequently, the Magistrate Judge found the breach of fiduciary duty claim was not barred by the terms of the release, and did not require the Beneficiaries to rescind the Settlement Agreement before asserting it. The Trustee objects to the Magistrate Judge's analysis, and contends the reliance upon *Forry* is misplaced since *Forry* applied federal common law, not Ohio law. This Court notes, however, that the Trustee references the case of *Taylor v. Visteon Corp.*, 149 Fed. Appx. 422, 425 (6th Cir. 2005); and *Taylor*, significantly, was governed by Michigan law, and concerned broad, sweeping release language distinguishable from the release terms at issue here. In footnotes 29 and 30 of his Objections (ECF DKT #26), the Trustee then proceeds to cite to numerous decisions from jurisdictions outside of Ohio, i.e., Pennsylvania, Indiana, New York, Minnesota, and Delaware.

After *de novo* review, the Court agrees with the recommendation of the Magistrate Judge, finding the intent of the Trustee was not within the scope of the release language, and was not known to, and/or was concealed from the Beneficiaries. Thus, the Motion to Dismiss the breach of fiduciary duty claim is denied.

The Trustee, additionally, objects to the Magistrate Judge's finding that the equitable

-5-

estoppel claim should not be dismissed.  The Trustee argues the equitable estoppel claim is predicated upon the same allegations that form the basis of the barred fraudulent concealment and fraud in the inducement claims.  Looking at the allegations in the Beneficiaries' Counterclaims, their equitable estoppel claim is founded upon the alleged justifiable reliance upon audited financial statements.  Therefore, in order to grant his Motion to Dismiss, the Trustee is asking the Court to review evidence (financial statements) which is outside the "four corners" of the Complaint, Counterclaim, and any exhibits attached.  Such an examination is unauthorized under Rule 12(b)(6).  Therefore, the Court agrees with the Magistrate Judge's finding that the equitable estoppel claim survives dismissal.

On February 26, 2008, plaintiff Trustee submitted his Notice of Supplemental Authority (ECF DKT #33) with respect to the Motion to Dismiss Beneficiaries' breach of fiduciary duty claim.  The Trustee provides a copy of a decision from the Eighth District Court of Appeals, which held: "[B]ecause of the release, appellants did not have a choice of remedies.  Since they signed the release in exchange for consideration encompassing a Comprehensive Settlement Agreement, they *only* had *one option*.  They first *had to rescind* and *tender back the consideration – before* they could bring their suit." *Weisman v. Blaushild*, 2008-Ohio-219 (Ohio App. 8 Dist. Jan. 24, 2008) at ¶43. (emphasis in original).

This Court appreciates that the fact patterns are analogous, and acknowledges the reiteration of Ohio law on releases.  However, the claims at issue in *Weisman* were fraud (fraud in the inducement) and negligent misrepresentation.  Although fiduciary obligations flowed between the shareholders in *Weisman*, breach of those duties was not central to the Eighth District panel's decision.  Moreover, it is important to note that the *Weisman* case was an appeal

from a summary judgment ruling, not a 12(b)(6) dismissal.  Thus, the Supplemental Authority does not persuade this Court to reach any conclusion different from that reached by the Magistrate Judge.

### III. CONCLUSION

For the foregoing reasons, this Court agrees that dismissal of the Beneficiaries' claims for fraudulent concealment (Count II) and fraudulent inducement (Count III) is appropriate, as those claims are barred by Ohio release law; but that dismissal of the breach of fiduciary duty claim (Count I) and the Beneficiaries' requests for declaratory judgment as to the affirmative defenses of waiver, laches, and estoppel (Counts IV, V, and VI) is not warranted.  Therefore, the Court ACCEPTS and ADOPTS the Report and Recommendation of the Magistrate Judge.  The Motion of the Trustee to Dismiss is GRANTED IN PART and DENIED IN PART accordingly.

**IT IS SO ORDERED.**

**DATE: _March 26, 2008_____**

 **s/Christopher A.  Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**