**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD E. JACOBS, etc., | ) | CASE NO. 1:07CV1043 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| DAVID H. JACOBS, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #47) of Defendants to Dismiss. For the following reasons, the motion is denied.

**I. FACTUAL BACKGROUND**

Richard E. Jacobs is the Trustee of certain trusts created by his late brother, David H. Jacobs, Sr., through instruments known as the David H. Jacobs Declaration of Trust and the Irrevocable Trust Agreement. Defendants, David H. Jacobs, Jr., John W. Jacobs, and Marie D. Jacobs are the Beneficiaries of those trusts.

The Declaration of Trust provides that the Trustee "shall receive reasonable compensation for services hereunder, unless waived, and shall be reimbursed for expenditures properly made on behalf of any Trust." Under the terms of the Irrevocable Trust Agreement, the individual Trustee is "entitled to receive for his ordinary services hereunder such compensation, if any, as from time to time may be approved . . . by a majority of adult lineal descendants of the grantors who are then living and competent to act." He is also entitled to "reasonable additional compensation" for "extraordinary services." To date, Richard has not

received any compensation for his services.  After consultation with an expert, Richard made a formal claim for fees on January 26, 2007, to which the Beneficiaries refused to consent.

On November 9, 2004, David Jr., as the sole plaintiff, filed a lawsuit (#1:04CV2235) in the United States District Court for the Northern District of Ohio, alleging Richard had breached his fiduciary duties as Trustee; seeking Richard's resignation or removal; and asking the Court to declare Richard is not entitled to any fees relating to services as Trustee or Co-Trustee.  On March 21, 2005, David, Jr. and his siblings filed a First Amended Complaint seeking the same relief, including a declaration that the Trustee was not entitled to a fee. Richard answered, but did not assert a counterclaim.

In late November of 2005, Barbara Jacobs, David Sr.'s widow, passed away.  On March 2, 2006, with prior leave of Court, David Jr. and his siblings filed a Second Amended Complaint, again asserting claims related to the Trustee's conduct and administration of the Trusts in breach of his fiduciary duties, but deleting the prayer for relief concerning Richard's entitlement to fees.  In response, Richard filed a Motion to Dismiss in lieu of an Answer. Before the Court ruled on the dispositive motion, the parties entered into a settlement agreement.  The case was dismissed with prejudice on September 7, 2006.

On April 10, 2007, Richard E. Jacobs, as Trustee, filed the captioned Complaint for Declaratory Judgment.  He alleges he is entitled to compensation for his services as Trustee; claims the Beneficiaries deny he is entitled to compensation for past services; and claims the Beneficiaries have failed to agree to reasonable compensation for his present and future services to the Trusts.  Richard seeks a declaration that he is entitled to receive compensation for his services as Trustee; and a declaration as to the amount of compensation he should

receive and instructions regarding the manner of payment of that compensation.

Defendant Beneficiaries now move to dismiss the Trustee's Complaint for past fees for the years 1992 through 2005, on the basis he waived the claim when he did not raise it as a counterclaim during the prior lawsuit between the parties as required by Fed. R. Civ. P. 13(a).

## II. LAW AND ANALYSIS

At all times relevant to this lawsuit, Fed. R. Civ. P. 13(a) provided as follows:

> A pleading shall state as a counterclaim any claim *which at the time of serving the pleading* the pleader has against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim* and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.  (Emphasis added).

It is uniformly held that a party's failure to plead a compulsory counterclaim forever bars that party from raising the claim in another action.  See *Baker v. Golden Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974); *Sanders v. First National Bank & Trust Co.*, 936 F.2d 273, 277 (6th Cir. 1991).  The Sixth Circuit has adopted the "logical relationship" test for determining whether a claim arises out of the same transaction or occurrence.  *Baker, id.; Sanders, id.* Under this analysis, the court determines "whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims."  *Sanders, id.* (citing *Moore v. New York Cotton Exchange*, 270 U.S. 593 (1926)).  Furthermore, "the court must also consider whether the interests of judicial economy and efficiency would be served by requiring that the two claims be heard together."  *Awada v. Fast Track Ventures*, No. 3:04CV7318, 2005 WL 189707 at *2 (N.D. Ohio Jan. 28, 2005) (citing *Maddox v. Kentucky Finance Co.*, 736 F.2d 380, 383 (6th Cir. 1984)).

The Trustee, Richard E. Jacobs, makes several arguments why his current Complaint

was not required to be brought as a compulsory counterclaim in the 2004 litigation.  First, he asserts he has the right to take his fee ("write himself a check") from the Trust corpus without prior judicial approval.  He contends this Complaint is a "request for instruction," and not a claim at all.  Second, the Trustee argues a claim does not ripen until he decides to take a fee.  At the time of the First Amended Complaint, he had not decided to exercise his right to be compensated.  Third, filing a Counterclaim would have required joinder of the current beneficiary under the Marital Trust, Barbara Jacobs.  She was an Ohio resident, and her joinder would have destroyed federal diversity jurisdiction.

Addressing the "logical relationship" test, the Beneficiaries point out the earlier litigation raised issues concerning the Trustee's administration of the Trusts, alleged failings and breaches of duties.  The current lawsuit involves the same parties, the same Trusts, and the same Trust agreements.  In order to set compensation, the Court in the present action will have to evaluate the services performed and the responsibilities assumed by the Trustee.  Much of the same evidence gathered in the course of the 2004 case would be needed to support or to refute allegations made in the instant matter.

The Court is not persuaded by the Trustee's arguments.  Rather, applying the Sixth Circuit's "logical relationship" test, there is no doubt the issues of law and fact raised by the Trustee's Complaint are predominately the same as the subject matter of the Beneficiaries' previous Complaints, and substantially the same evidence would support or refute the opposing positions.  Nevertheless, the analysis does not end there.  Even if the subject matter of the within Complaint constitutes a compulsory counterclaim, was the Trustee required to assert it in Case No. 1:04CV2235?  The answer is no.

In the first litigation, the Beneficiaries filed an original Complaint, a First Amended Complaint, and a Second Amended Complaint.  The Trustee filed an Answer to the First Amended Complaint, but no Counterclaim asserting entitlement to fees.  If nothing further had transpired, a claim for fees would be barred by the operation of Fed. R. Civ. P. 13(a).  However, a Second Amended Complaint was filed.  "[O]nce accepted, an amended complaint replaces the original."  *Florida Dept' of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 702 (1982).  When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward.  *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)).

The Beneficiaries' Second Amended Complaint deleted certain claims, including the prayer that the Court declare Richard Jacobs shall not be entitled to Trustee and Co-Trustee fees.  More importantly, the Trustee did not file an Answer; rather he filed a Motion to Dismiss.  Rule 13(a) requires a party to assert its counterclaims at the time of serving a pleading.  Stated another way, Rule 13(a) does not apply unless there has been some form of pleading served.  *Bluegrass Hosiery, Inc. v. Speizman Industries, Inc.*, 214 F.3d 770, 772 (6th Cir. 2000) (referencing *Martino v. McDonald's System, Inc.*, 598 F.2d 1079, 1082 (7th Cir. 1979)).  In *United States v. Snider*, 779 F.2d 1151 (6th Cir. 1985), the Sixth Circuit considered the question of whether a compulsory counterclaim must be asserted by a party who has filed a motion to dismiss; then the appellate panel adhered to the conclusions drawn by the Fifth Circuit in *Lawhorn v. Atlantic Refining Co.*, 299 F.2d 353 (5th Cir. 1962):

> "Until the motion to dismiss is ruled upon it is not known whether the plaintiff has a claim.  Without a valid claim there can be no counterclaim, compulsory

>or permissive.  A motion to dismiss pursuant to Rule 12(b), Fed. R. Civ. P., is not a pleading as defined in Rule 7.  There is no reason for a party to file a pleading while a motion to dismiss is pending. . . However, where the rules do not require a pleading either because of pending motions or because the usual process by which the issues are formed has been displaced by the accelerated process permitted under Rule 65, the compulsory counterclaim requirement of Rule 13(a) is inapplicable." *Snider*, 779 F.2d 1157.

Following the somewhat complicated path the pleadings took in the Beneficiaries' lawsuit against Richard E. Jacobs, Trustee, this Court determines their Second Amended Complaint superseded and voided all complaints that came before it.  Further, the Trustee responded to that Second Amended Complaint with a Motion to Dismiss, which is not a pleading under the Federal Civil Rules.  Thus, the Trustee was not obliged to assert a counterclaim, compulsory or permissive; and Fed. R. Civ. P. 13(a) does not bar the instant lawsuit for fees and compensation brought by Richard E. Jacobs, Trustee against the Beneficiaries of the Trusts.

### III. CONCLUSION

For all the foregoing reasons, Defendants' Motion to Dismiss the Trustee's Declaratory Judgment claim for fees for the years 1992 through 2005 is denied.


**IT IS SO ORDERED.**

**DATE: November 18, 2008**

     s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**